IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**RICKEY D. BARNES,**                                                                      **PLAINTIFF**

**V.**                                                                     **NO. 4:07CV68-M-B**

**CHRISTOPHER EPPS, et al.,**                                          **DEFENDANTS**

## OPINION

The court, *sua sponte*, takes up the dismissal of Plaintiff's case filed under 42 U.S.C. § 1983. The court finds that Plaintiff has failed to state a claim upon which relief may be granted and dismissal is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Plaintiff, an inmate currently in the custody of the Mississippi Department of Corrections, states that he requested and paid to be transferred from one facility to another. Plaintiff admits he was transferred as requested. He complains, however, that he was subsequently returned from whence he came and wants the payment for the requested transfer refunded. The court is not familiar with MDOC's paid requested transfer procedure but the documents reflect that it cost $34.00 to transfer Plaintiff from Delta Correctional Facility to Winston County Correctional Facility. Presumably, this is the amount Plaintiff paid for the requested transfer.

Inmates have neither a protectable property or liberty interest to any particular housing assignment or custodial classification, either under the United States Constitution or under Mississippi law. *Hewitt v. Helms*, 450 U.S. 460, 468 (1983); *Meachum v. Fano*, 427 U.S. 215, 224 (1976); *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995); Wilson v. Budney, 976 F.2d 957, 958 (5th Cir. 1992); *McCord v. Maggio*, 910 F.2d 1248, 1250 (5th Cir. 1990) (citations omitted); Miss. Code Ann. §§ 47-5-99 to -103 (1993). Prisoner classification is a matter squarely within the "broad discretion" of prison officials, "free from judicial intervention" except in extreme circumstances. *McCord*, 910 F.2d at 1250 (citations omitted). There is no indication that this case presents any extreme circumstances that would warrant the court's intervention. Therefore, Plaintiff has failed to state a claim upon which relief may be granted.

A complaint is frivolous if it lacks an arguable basis in either law or fact, such as relying on an indisputably meritless legal theory. *Taylor v. Johnson*, 257 F.3d 470, 472 (5th Cir. 2001). Since Plaintiff's claim lacks a legal basis, it shall be dismissed for failure to state a claim upon which relief can be granted. Dismissal on this ground warrants the imposition of a "strike" pursuant to the "three strikes" provision of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Accordingly, Plaintiff is cautioned that if he accumulates three strikes he may not proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

Therefore, this cause will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Plaintiff has also earned one strike pursuant to 28 U.S.C. § 1915(g). A separate order shall issue in accordance with this opinion.

THIS the 30th day of May, 2007.

　　　　　　　　　　　　　　　　　　　　/s/ Michael P. Mills
　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**